IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 2:08-CR-043-WCO |
| FURMAN ROYAL STARNES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**I.     Introduction**

On February 10, 2009, defendant tendered a plea of guilty to the magistrate judge to one count of possessing a firearm after having already been convicted of a felony, in violation of 18 U.S.C. § 922(g). On March 2, 2009, the court adopted the magistrate judge's recommendation to accept the plea. Prior to sentencing, defendant objected to several aspects of the pre-sentence investigation report ("PSI"). Having already ruled on each of the objections at a sentencing hearing on May 19, 2009, the purpose of this memorandum opinion is only to explain the court's reasoning on the objection that produced the most debate at sentencing. The question presented is whether defendant's prior state conviction for unlawful

sexual activity with a minor under Utah Criminal Code § 75-5-401 constitutes a "crime of violence" under § 4B1.2(a) of the United States Sentencing Guidelines ("USSG").

**II. Discussion**

Defendant objected to the application of a two-level enhancement to his base offense level under USSG § 4B1.1(a), which, as is relevant here, applies only if defendant's prior conviction for unlawful sexual activity with a minor constitutes a "crime of violence." USSG § 4B1.1(a) incorporates by reference § 4B1.2(a), a definitional provision, which provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a).[1] In the PSI, the probation

---

[1] The official commentary to USSG § 4B1.2(a) expands on the definition, explaining that a "crime of violence" "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary

officer interpreted the definition of "crime of violence" to include defendant's November 29, 1999 conviction under Utah Criminal Code § 75-5-401 for unlawful sexual activity with a minor and increased defendant's base offense level accordingly. Defendant objected to that two-level enhancement, arguing that *Begay v. United States*, 128 S. Ct. 1581 (2008), requires the court to find that the PSI's interpretation of § 4B1.2(a) is in error. Having considered extensive argument from both parties, the court disagrees.

In *Begay*, the Supreme Court held that the definition of "violent felony" in the Armed Career Criminal Act ("ACCA")[2]—which is "nearly identical," *United*

---

of a dwelling." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) cmt. n.1. The commentary, however, does not define "forcible sex offenses." The commentary to a separate guideline section concerning a defendant's previous deportation, on the other hand, does briefly expound on the term "forcible sex offense," explaining that it applies to crimes "including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(iii). The same comment includes "statutory rape" among a list of several offenses that are "crimes of violence" under USSG § 2L1.2. Nonetheless, the court's conclusion that defendant's prior conviction constitutes a crime of violence does not require consideration of the effect of USSG § 2L1.2's inclusion of statutory rape and the expanded definition of "forcible sex offense" in light of the exclusion of statutory rape in the commentary of § 4B1.2(a).

[2] Under the ACCA a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C § 924(e)(2)(B).

*States v. Harris*, 305 Fed. Appx. 552, 555 (11th Cir. 2008) (unpublished), to the definition of "crime of violence" in USSG § 4B1.2(a)—did not include the crime of driving under the influence of alcohol ("DUI") under New Mexico law.[3] 128 S. Ct. at 1588. At the outset of its opinion in *Begay*, the Court confined its analysis to the second prong of the definition of "violent felony." *Id.* at 1583. In other words, the Court assumed that the crime of DUI did not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Instead, the Court considered only whether DUI "otherwise involves conduct that presents a serious potential risk of physical injury to another."[4] *Id.* After analyzing the statutory language, the Court concluded that the second prong "covers [only] crimes that are roughly similar, in kind as well as in degree of risk posed, to the [included] examples themselves." *Begay*, 128 S. Ct. at 1585. Turning to the crimes specifically identified in the

---

[3] Here, both parties cite cases interpreting USSG § 4B1.2 and ACCA § 924(e)(2)(B) interchangeably. The court agrees that the provisions are similar enough to warrant the court's substantial reliance on cases interpreting 18 U.S.C. § 924(e)(2)(B) when applying USSG § 4B1.2. *See United States v. Archer*, 531 F.3d 1347, 1350 (11th Cir. 2008) (reevaluating case law interpreting USSG § 4B1.2(a) in light of *Begay*, which interpreted ACCA § 924(e)(2)(B)); *see also United States v. Harrison*, 558 F.3d 1280, 1291 (11th Cir. 2009) (analyzing case law interpreting USSG § 4B1.2 in a case concerning the ACCA); *United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007) (explaining that cases interpreting USSG § 4B1.2 "provide important guidance in determining what is a 'violent felony' under the ACCA").

[4] "We here consider whether [DUI] . . . falls within the scope of the second clause [of 18 U.S.C. § 924(e)(2)(B)]. . . . We also take as a given that DUI does not fall within the scope of the Act's *clause (I)* 'violent felony definition.'" *Begay*, 128 S. Ct. at 1583-84.

second prong—"burglary, arson, or extortion, [or a crime that] involves use of explosives"—the Court found that "[t]he listed crimes all typically involve purposeful, violent, and aggressive conduct." *Id.* at 1586 (internal quotation marks and citation omitted). The Court then concluded that DUI does not fit within the second prong, reasoning that DUI "is simply too unlike the provision's listed examples for us to believe that Congress intended the provision to cover it." *Id.* at 1584.

Since *Begay* was decided roughly one year ago, several courts have considered its impact on the determination of whether various crimes fall within the definitions of "violent felony" under the ACCA and "crime of violence" under the USSG. Defendant argues that two federal appellate cases demonstrate that *Begay* requires the court to conclude that defendant's prior conviction for unlawful sexual activity with a minor is not a "crime of violence" under the USSG. *See United States v. Christensen*, 559 F.3d 1092 (9th Cir. 2009); *United States v. Thornton*, 554 F.3d 443 (4th Cir. 2009). In both *Christensen* and *Thornton*, the defendants argued that, under *Begay*, their convictions for statutory rape were not violent felonies under the ACCA. Like DUI, the defendants insisted, the crime of statutory rape differs materially from the enumerated crimes in ACCA § 924(e)(2)(B) because statutory rape does not "typically involve

purposeful, violent, and aggressive conduct." *Begay*, 128 S. Ct. at 1584. Both appellate courts agreed with the defendants and held that *Begay* compels the conclusion that, as a matter of law, statutory rape is not categorically a violent felony under the ACCA. *See Christensen*, 559 F.3d at 1095; *Thornton*, 554 F.3d at 449.

Here, defendant argues that although *Christensen* and *Thornton* are not controlling on this court, they demonstrate that *Begay* requires the court to find that defendant's conviction for unlawful sexual activity with a minor is not a crime of violence under the USSG. *Begay*, *Christensen*, and *Thornton*, however, all applied only the second prong of the ACCA's definition of "violent felony" based on the assumption that the first prong was inapplicable. *See Begay*, 128 S. Ct. at 1583-84 ("We here consider whether [DUI] . . . falls within the scope of the second clause [of 18 U.S.C. § 924(e)(2)(B)]. . . . We also take as a given that DUI does not fall within the scope of the Act's *clause (I)* 'violent felony definition.'").

Before *Begay*, the Eleventh Circuit held that statutory rape comes within the *first* prong of USSG § 4B1.2(a). *See Ivory*, 475 F.3d at 1236.[5] In *Ivory*, the

---

[5] The government also argues that *United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999), supports the proposition that statutory rape constitutes a crime of violence under USSG § 4B1.2(a). That case, however, relied on the second prong of § 4B1.2(a), and for that reason, the continued viability of the analytical framework employed in *Rutherford* is questionable in light of *Begay*. *See Archer*, 531 F.3d at 1352 (noting that "where the Supreme Court has clearly set forth a new standard to evaluate which crimes constitute 'violent felonies' . . . our prior

Eleventh Circuit reasoned that "a person cannot engage in nonconsensual sexual penetration with another without exerting some level of physical force."[6] *Id.* at 1235. Accordingly, the court read the Alabama secondary rape law to include "the use of physical force" as an element, bringing it within USSG § 4B1.2(a)(1). *See id.* at 1235-36. As such, *Begay* has no effect on the continued applicability

---

panel precedent . . . has been undermined to the point of abrogation."); *see also Harrison*, 558 F.3d at 1298 (explaining that pre-*Begay* cases "supply only half of the [analytical] equation"). *Ivory*, on the other hand, held that the first prong of § 4B1.2(a) includes statutory rape. *See Ivory*, 475 F.3d at 1236. *Ivory* also analyzed the second prong and found, as "an independent basis for [its] holding," that statutory rape also falls within the second prong. *See id.* After *Begay*, however, the reasoning underlying that alternative basis is less persuasive and, indeed, may lack force altogether. *See Archer*, 531 F.3d at 1352. Regardless, the court's holding in the instant case relies only on *Ivory*'s application of the first prong, which rests on analysis unaffected by *Begay*'s treatment of the second prong.

[6] Ivory was convicted for secondary rape under Alabama Code § 13A-6-62(a), which provides:

> (1) Being 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.
>
> (2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being mentally defective.

Ala. Code. § 13A-6-62(a). A separate code section entitled "Lack of Consent" provides in part that "[a] person is deemed incapable of consent if he is . . . [l]ess than 16 years old." *Id.* § 13A-6-70(c)(1).

of *Ivory* in this circuit to the question of whether statutory rape constitutes a crime of violence under the first prong of USSG § 4B1.2(a). *See Begay*, 128 S. Ct. at 1583-84.

The court must now consider whether the crime of unlawful sexual activity with a minor, as set forth in Utah Criminal Code § 75-5-401, is a "crime of violence" under USSG 4B1.2(a). Utah Criminal Code § 75-5-401 provides in pertinent part:

> (2) A person commits unlawful sexual activity with a minor if, under circumstances not amounting to rape, in violation of Section 76-5-402, object rape, in violation of Section 76-5-402.2, forcible sodomy, in violation of Section 76-5-403, or aggravated sexual assault, in violation of Section 76-5-405, the actor:
>
> (a) has sexual intercourse with the minor;
>
> (b) engages in any sexual act with the minor involving the genitals of one person and the mouth or anus of another person, regardless of the sex of either participant; or
>
> (c) causes the penetration, however slight, of the genital or anal opening of the minor by any foreign object, substance, instrument, or device, including a part of the human body, with the intent to cause substantial emotional or bodily pain to any person or

> with the intent to arouse or gratify the sexual desire of any person, regardless of the sex of any participant.[7]

Defendant does not dispute the fact that the crime of unlawful sexual activity with a minor under Utah law is very similar to the crime of secondary rape under Alabama law. *Compare* Utah Code § 75-5-401 *with* Ala. Code. § 13A-6-62(a). Although neither law expressly requires the prosecution to prove "the use, attempted use, or threatened use of physical force against the person of another," U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(1), *Ivory* compels the court to conclude that Utah Criminal Code § 75-5-401 falls within § 4B1.2(a)(1).[8] Therefore, as the Eleventh Circuit did in *Ivory*, the court finds that Utah Criminal Code § 75-5-401 implicitly "has as an element the use . . . of physical force

---

[7] Although the statutory provision is titled "Unlawful Sexual Activity with a Minor," the PSI identifies the crime for which defendant was convicted as "unlawful sexual intercourse, 3rd degree." Neither party objected to that description, and the PSI also describes the facts underlying the conviction in a manner consistent with that label. The court therefore assumes that defendant was convicted under Utah Criminal Code § 75-5-401(a). The court notes that it refers to the facts in the PSI only as a means of determining which provision served as the basis for defendant's prior conviction. Consistent with the "categorical approach" to determining whether a crime is a "crime of violence," the court's analysis of that question takes into account only the statutory provision. *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also Begay*, 128 S. Ct. at 1584.

[8] Under both the Utah statute and the Alabama provision at issue in *Ivory*, the consent-in-fact of the minor victim cannot vitiate the legal incapacity of the victim to give consent. Thus, pursuant to *Ivory*, the court concludes that Utah Criminal Code § 75-5-401 necessarily includes as an element the use of physical force.

against the person of another."[9]  U.S. SENTENCING GUIDELINES MANUAL
§ 4B1.2(a)(1).

### III. Conclusion

Defendant was convicted of a crime that is materially indistinguishable from a crime that the Eleventh Circuit has held to be a "crime of violence" because it implicitly includes as an element "the use . . . of physical force against

---

[9] In *United States v. Washington*, an unpublished appellate decision, the Tenth Circuit Court of Appeals reached a conclusion squarely at odds with the relevant analysis in *Ivory* and, accordingly, with the court's conclusion today. *See United States v. Washington*, 157 Fed. Appx. 43 (10th Cir. 2005) (unpublished). In *Washington*, the Tenth Circuit found that Utah Criminal Code § 75-5-401 (the same provision under which the defendant in this case was convicted) "does not include the use, attempted use, or threatened use of physical force." *Id.* at 46. Accordingly, the court explained that the defendant's prior conviction under that code section "can only be considered a crime of violence if it satisfies [the second prong of USSG § 4B1.2(a)]." *Id.*; *see also United States v. Bartee*, 529 F.3d 357, 360 (6th Cir. 2008) ("It is clear . . . that defendant's prior conviction [for statutory rape under Michigan law] does not have as an element the use, attempted use, or threatened use of physical force against the person of another.") (internal quotations and citation omitted); *United States v. Austin*, 426 F.3d 1266, 1271 (10th Cir. 2005) (finding that the Colorado statutory rape provision "does not contain the elements outlined in § 4B1.2 because it does not require the use, attempted use, or threatened use of physical force against the person of another.") (internal quotations and citation omitted).

The court's conclusion that *Ivory* requires the court to read into Utah Criminal Code § 75-5-401 an element of "the use . . . of physical force," however, is supported by a recent unpublished decision of the Eleventh Circuit. *See Harris*, 305 Fed. Appx. 552. The defendant in *Harris* argued that pursuant to *Begay*, his prior conviction under a Florida law that criminalized "oral, anal, or vaginal penetration by, or union with, the sexual organ of another" was not a "violent felony" under the ACCA. Fla. Stat. § 794.011(1)(h). Because the court found that the Florida statute was a "violent felony" under the *first* prong of 18 U.S.C. § 924(e)(2)(B), it explained that "[the defendant's] arguments based on *Begay v. United States* are not relevant because *Begay* explicitly addressed only [the second prong] . . . . Thus, the Supreme Court's holding that DUI was not a violent felony under clause (ii) has no bearing on whether statutory rape is a violent felony under clause (I)." *Harris*, 305 Fed. Appx. at 556 n.1. (internal citation omitted).

the person of another." *See Ivory*, 475 F.3d at 1235-36.  For that reason, the court agrees with the government that defendant's prior conviction for unlawful sexual activity with a minor falls within the scope of USSG § 4B1.2(a)(1).  For the same reason, defendant's reliance on *Begay* is unavailing; by its own terms, *Begay* did not introduce a new analytical framework as to whether a crime "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *See Begay*, 128 S. Ct. at 1583-84.

For the foregoing reasons, the court **denied** defendant's objection to the two-level enhancement under § 4B1.2 of the USSG.

                                             s/*William C. O'Kelley*
                                             WILLIAM C. O'KELLEY
                                             Senior United States District Judge